■ GULL CONTRACTING CO., INC., et al., Appellants, *v.* STATE OF NEW YORK, Respondent. (Claim No. 32643.) GULL CONTRACTING CO., INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 32644.) — Appeal from judgments of the Court of Claims dismissing two claims against the State. Claim No. 32643 involves two items — Item 323 — Temporary Barricade Lighting and Item 324 — Unit Change of Barricade Lighting. Claimants allege that they were underpaid for the materials used and work performed on these items to the extent of $3,318. Claim No. 32644 also involves two items — Items Nos. 323 and 324 for Temporary Barricade Lighting; and a claim for the installation of Outlet Boxes in connection with electrical equipment. Claimant contends that it was underpaid to the extent of $160 for Items 323 and 324, and by $3,325 on Item 328-E which concerned the Outlet Boxes. The materials furnished and the work done was performed by the contractors under itemized unit price contracts with the State. Both contracts contained the same specifications for Temporary Barricade Lighting, which read as follows: " Item 323 — Temporary Barricade Lighting. Item 324 — Unit Change of Barricade Lighting. Payment will be made at the contract price for the number of barricades lighted. The contract price for barricade lighting shall include furnishing and installing meter boxes complete with all control and operating equipment required; furnishing and installing underground conduit and cables from the meter box to the barricade, but not the conduit and cables extending from the meter box along the pole up to the overhead wires, which shall be included in the price for the installation of an overhead pole; furnishing and installing cast iron pull box, conduit, wires, fixtures and lamps, the cost of electrical energy for duration of this Contract, and all other miscellaneous material and equipment for a finished job ready for operation on a barricade 40 feet wide.

The contract price for the lighting of a barricade 40′ wide shall be increased or decreased by an amount based on an additional unit price for every 4 feet added to or subtracted from the above specified width of a barricade." In claim No. 32643 the claimants' bid for item No. 323 — Temporary Barricade Lighting — was $228 each and for item No. 324 — Unit Change of Barricade Lighting — $7 each. In the performance of this contract claimants furnished and installed 18 barricades having a combined length of 1,630 feet. Under the specifications heretofore quoted the normal barricade was to be 40 feet wide which might be increased or decreased by the amount based on an additional unit price for every 4 feet added to or subtracted from the normal width of 49 feet. Under that language the State has computed the amount due in the following manner: 18 barricades of 40 feet each equals 720 feet, and for these barricades the claimant was entitled to the sum of $228 each, or the sum of $4,104. The excess footage, that is the difference between 720 feet and the total footage of 1,630 equals 910 feet and this divided by 4 equals approximately 228 (227½) units to be paid for at the bid price of $7 each, or a total of $1,596. The total for both items, under the State's computation, amounted to $5,700 which the State paid. Claimants' method of computation is not very clear but apparently proceeds upon the theory that they were entitled to be paid for 39 units at the price of $228 each because that was the approximate number of 40-foot units in the 1,630 feet embraced in the 18 barricades; and also for 18 units of 4 feet each at the item price of $7. We do not quite follow the mathematics used, but under this method of computation claimants would be entitled to a total of $9,018. The language of the specifications appears to be clear and unambiguous to us, and supports the State's method of computation. Claimants rely upon some rather cloudy testimony to the effect that there was a custom in the trade which supports their theory. We think the evidence is not sufficient to establish such a custom but even if it was the State would not be bound thereby unless the specifications were ambiguous, and in this case they were not. In Claim No. 32644 the claimant's bid price on Temporary Barricade Lighting for item No. 323 was $260 for each 40-foot barricade; and for item No. 324 — Unit change in Barricade Lighting — for every 4 feet added or subtracted — its bid price was $24 each. The same conflict appears in the method of computation for the amount due. Five barricades having a total length of 560 feet were furnished and installed, and claimant was paid for 5 barricades (200 feet) under item No. 323 in the sum of $1,300, and for 90 additional units of 4 feet each (360) feet under item No. 324 the sum of $2,160; or a grand total of $3,460. Claimant contends that it was entitled to be paid under item No. 323 for 13 units (the number of 40-foot units in the 5 barricades) at $260 each or $3,380; and under item No. 324 for 10 units (4 feet each) at $24 each or $240, making a grand total of $3,620. Under claimant's method of computation he was underpaid on this phase of his claim to the extent of $160. The same reasoning applied to the other claim likewise applies to this controversy. Claimant also seeks to recover under claim No. 32644 for an item having to do with the installation of 95 Outlet Boxes required in the installation of Luminaires. The specifications for this item provided as follows: "Item 328A — Furnish and Install Type 3438 — 2 Luminaire. Payment will be made at the contract price for the number of luminaires furnished and installed in the work. The contract price shall cover the furnishing and installing of luminaire and all materials, labor, equipment and incidentals necessary to complete the work." These specifications appear to be unambiguous and it seems clear that the Outlet Boxes and their installation were "materials, labor, equipment and incidentals necessary to complete the work." Claimant offered no evidence that its bid price

of $105 would not include the furnishing and installing of such Outlet Boxes for the Luminaires or that it expected to be paid separately therefor. On the whole record and in both claims we think the claimants failed to make out a case. Judgments unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.